IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **TEDDY BELGRAVE,** | ) |
| Plaintiff, | ) CIV. NO.: 07-cv-00084 |
| v. | ) |
| | ) ACTION FOR DAMAGES |
| **WYATT V.I. INC.,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Finch, Senior Judge

THIS MATTER comes before the Court on a Motion to Stay Proceedings Pending Arbitration ("Motion to Stay") filed by Defendant Wyatt V.I. Inc. ("Wyatt" or "Defendant"). Plaintiff opposes the Stay, arguing that (1) the arbitration agreement expired prior to Plaintiff's cause of action; (2) the arbitration agreement, even if still in effect, was unenforceable because Plaintiff's waiver of his right to a jury trial was not knowing and voluntary; and (3) the arbitration agreement is unenforceable because it is unconscionable.

### I. Background

Plaintiff states that he has worked on and off for Defendant as a Boilermaker A for over five years. On January 9, 2007, Plaintiff and Wyatt entered into a Dispute Resolution Agreement ("Agreement"). The Agreement provides in pertinent part:

> I recognize that differences may arise between Wyatt and me in relation to my application for employment and possible subsequent employment. In the event that Wyatt offers me employment, I understand that the terms and conditions of my employment will be governed by the provisions of the Collective Bargaining Agreement ("CBA") that is now or may later be in place between Wyatt and The United Steelworkers of America

>  ("USWA") and that nothing in this agreement is intended to interfere with or alter any future representation or relationship between me and the USWA. **Regardless of whether Wyatt offers me employment**, both Wyatt and I agree to resolve any and all claims, disputes or controversies arising out of or relating to: (1) **my application or candidacy for employment**; (2) **an alleged wrongful decision not to hire me**; (3) any statutory claims for discrimination or harassment on the basis of age, sex, race, color, religion, disability, or national origin under by state, federal, or territorial law that are pursued outside of the grievance and arbitration provisions of the CBA; and (4) any claims for personal injury or property damage arising in any way from my presence at the HOVENSA refinery that are not covered by the CBA; exclusively by final and binding arbitration before a neutral arbitrator pursuant to the American Arbitration Association's ("AAA") National Rules for the Resolution of Employment Disputes ["National Rules"], a copy of which is available at www.adr.org or from Wyatt. This agreement extends to such disputes with or claims against Wyatt, HOVENSA, LLC, other contractors or subcontractors employed at the HOVENSA refinery, and any of their related or affiliated companies, entities, employees or individuals (as intended third party beneficiaries to this agreement).

(Def. Ex. A) (emphasis added.)

There is some dispute about the sequence of events leading to the termination of Plaintiff's employment in March 2007. Plaintiff alleges he was laid off in February 2007 as a result of a reduction in force, while Defendant alleges that Plaintiff requested and was granted a voluntary leave of absence. In any case, the parties agree that in May 2007, Plaintiff was contacted by Defendant and offered reemployment as a Boilermaker A. According to Plaintiff, he took and passed a mandatory drug test and was offered employment with Defendant on the condition that he sign an arbitration agreement. Plaintiff alleges that when he refused to sign a dispute resolution agreement, Defendant refused to hire him. Contrary to these allegations, Defendant claims that Wyatt informed Plaintiff that he did not need to sign another DRA because Plaintiff had already signed such an agreement. Plaintiff, according to defendant, then indicated that he would not return to work unless the DRA was removed from his file. Defendant refused to remove the document and Plaintiff brought the instant lawsuit, alleging that Defendant breached its agreement to employ Plaintiff and related claims.

## II. Discussion

Title 9, section 3 of the United States Code provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

"To determine whether the parties have agreed to arbitrate, we apply ordinary state-law principles that govern the formation of contracts." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 523 (3d Cir. 2009) (citations and internal quotations omitted). The enforceability of an agreement to arbitrate is also to be determined according to such contract principles and no additional limitations may be imposed. *Southland Corp. v. Keating*, 465 U.S. 1, 11 (1984). Moreover, "[i]n accordance with Congress' policy to reverse judicial hostility towards arbitration and to liberally find coverage, doubts regarding the scope of arbitration should be resolved in favor of arbitration." *Innovative Communications Corp. v. Virgin Islands Water and Power Authority*, 2007 WL 3377896, at *3 (D.V.I. 2007) (citing *First Liberty Inv. Group v. Nicholsberg*, 145 F.3d 647, 652-53 (3d Cir. 1998)).

### A. Enforceability of Arbitration Agreement
#### 1. Knowing and Voluntary Waiver

Plaintiff argues that the arbitration agreement is invalid because he did not "knowingly and voluntarily" waive his constitutional right to a jury trial, as required by Virgin Island Code. Ann. tit. 5 § 815. However, the Third Circuit disposed of that argument in *Seus v. John Nuveen*

*& Co., Inc.*, 146 F.3d 175, 183-84 (3d Cir. 1998), overruled on other grounds by *Green Tree Financial Corp. Alabama v. Randolph*, 531 U.S. 79 (2000), when it held that the "knowing and voluntary" standard was not a generally applicable principle of contract law and rejected its application in determining the validity of an arbitration agreement. *See also Morales v. Sun Constructors, Inc.*, 541 F.3d 218, 224 (3d Cir. 2008) ("applying a heightened "knowing and voluntary" standard to arbitration agreements would be inconsistent with the FAA"). Applying Third Circuit precedent, the Court finds that the knowing and voluntary waiver is inapplicable to the arbitration agreement between Plaintiff and Defendant.

### 2. Unconscionability

Plaintiff also alleges that the arbitration agreement is both procedurally and substantively unconscionable and thus unenforceable. Plaintiff ascribes procedural unconscionability to the Agreement on the basis that it was presented to him by Defendant on a "take-it-or-leave-it" basis. Plaintiff claims that the Agreement is substantively unconscionable because it was unreasonably favorable to defendant.

Under the local law of the Virgin Islands, a court may refuse to enforce a contract or term of a contract that is unconscionable at the time the contract is made. *Edwards v. Hovensa*, 497 F.3d 355, 362 (3d Cir. 2007) (citing Restatement (Second) of Contracts § 208). Unconscionability encompasses both procedural and substantive elements and both must be proven to revoke a contract on that basis. *Alexander v. Anthony Intern., L.P.*, 341 F.3d 256, 265 (3d Cir. 2003). An adhesion contract, such as the arbitration agreement between Plaintiff and Defendant, is procedurally unconscionable. *Id.* (citing *Trailer Marine Transp. Corp. v. Charley's Trucking, Inc.*, 20 V.I. 282, 284 (1984) (citation omitted)). However, Plaintiff has not demonstrated that the agreement is substantively unconscionable. Plaintiff cites no fact in

support of his argument that the terms are unreasonably favorable to Defendant other than the fact that Plaintiff did not knowingly and voluntarily waive his right to a jury trial. However, as stated above, the "knowing and voluntary" standard is not applicable in the context of an arbitration agreement. *Seus*, 146 F.3d at 183-84. Thus, the Court concludes that the Agreement is not unenforceable on the basis of unconscionability.

### 3. Applicability of 24 V.I.C. §74a

Plaintiff argues that the Agreement is unenforceable because Defendant has failed to comply with section 74a of title 24 of the Virgin Islands Code. Section 74a provides:

> (a) Notwithstanding an employment contract that provides for the use of arbitration to resolve a controversy arising out of or relating to the employment relationship, arbitration may be used to settle such a dispute only if:
>> (1) the employer or employee submits a written request after the dispute arises to the other party to use arbitration; and
>>
>> (2) the other party consents in writing not later than sixty (60) days after the receipt of the request to use arbitration.
>
> (b) An employer subject to this chapter may not require an employee to arbitrate a dispute as a condition of employment.

V.I. Code Ann. tit. 74(a).

Plaintiff states that Defendant has not submitted a written request for arbitration to Plaintiff and Plaintiff has not consented to arbitration. As Plaintiff concedes, both the District Court and the Superior Court have rejected the use of section 74a to invalidate arbitration agreements. *See, e.g.*, *Reed v. Turner St. Croix Maint., Inc.*, 2005 WL 1074383, at *2 (D.V.I. Mar. 28, 2005); (the district court would not consider 74a when determining the validity, revocability or enforceability of an arbitration agreement) (citing *Perry v. Thomas*, 482 U.S. 483, 492 (1987)); *Moore v. HOVENSA, L.L.C.*, 2005 WL 1018087, at *2 (D.V.I. Mar. 15, 2005) ("the

Court holds that the FAA preempts § 74a. It then follows that § 74a is powerless to constrain Defendant's contractual right to compel arbitration."). The Third Circuit has upheld the district court's ruling with respect to § 74a. *See Edwards*, 497 F.3d at 362. However, Plaintiff attempts to circumvent the rulings of this Court by suggesting that subsections (a)(1)-(2) of § 74a are procedural elements and thus not are not preempted by the FAA. This claim is without merit. First of all subsection (a)(2) allows a non-moving party to refuse to arbitrate despite the existence of a valid arbitration claim, which directly contravenes the FAA and is therefore preempted by it. Secondly, this Court and the Third Circuit have both determined that section 74a is powerless to constrain the right secured by an arbitration agreement. There is no loophole here that allows Plaintiff to apply section 74a to the arbitration agreement he entered into with Defendant. Thus, the Court finds that the Agreement is not invalid on this basis.

### B. Scope of the Arbitration Agreement: applicable time period

The Plaintiff argues that, even if the Agreement is valid, the current dispute does not fall within the scope of the Agreement, because the terms of the Agreement signed in January 2007 expired prior to May 2007, when Plaintiff's failure to get re-hired triggered the current claims.

Pursuant to the Agreement, Plaintiff agreed to arbitrate "any claims arising out of or relating to . . . [Plaintiff's] application or candidacy for employment or an alleged wrongful decision not to hire [Plaintiff]." The dispute that arose upon Plaintiff's failure to get re-hired in May 2007 is a dispute "relating to" Plaintiff's "candidacy" for employment or a "wrongful decision" not to re-hire Plaintiff, regardless of which party's story is ultimately credited, and regardless of how or why Plaintiff ultimately failed to obtain re-employment. The terms of the Agreement do not limit its application to the decision to hire Plaintiff in January 2007.

The Court notes that "federal policy favors arbitration and thus a court resolves doubts about the scope of an arbitration agreement in favor of arbitration." *Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc*., 247 F.3d 44, 55 (3d Cir. 2001). Thus, "[a]n order to arbitrate should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id*. (citing *United Steelworkers v. Warrior*, 363 U.S. 564, 582-83 (1960) (internal quotations omitted)). Based on the language of this Agreement and the presumption of arbitrability, the Court cannot determine "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Medtronic*, 247 F.3d at 55. The Agreement states that disputes surrounding the hiring of Plaintiff will be arbitrated; Plaintiff's current dispute relates to Defendant's failure to hire him. There is no language indicating that the agreement to arbitrate hiring disputes would terminate following a lay-off or leave of absence. Accordingly, the Court finds that the Agreement is applicable to the claims raised by Plaintiff in this matter.

### III. Conclusion

The Court finds that Plaintiff entered into a valid arbitration agreement with Defendant that has not expired and is thereby applicable to the current dispute. For that reason, the Court will grant Defendant's Motion to Stay. A separate Order will issue.

ENTER:

Dated: March 1, 2010 _____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE